UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISE PARIS, LTD. and RAINBOW USA, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> STANDARD FABRICS INTERNATIONAL, INC., <br><br> Defendant. | Case No.: 15-CV-3250-KC <br><br> ANSWER AND COUNTERCLAIMS OF STANDARD FABRICS INTERNATIONAL, INC. |
| STANDARD FABRICS INTERNATIONAL, INC., <br><br> Counterclaimant, <br><br> v. <br><br> LOUISE PARIS, LTD.; RAINBOW USA, INC.; and DOES 1-10, <br><br> Counterdefendants. | |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Standard Fabrics International, Inc. ("STANDARD" or "DEFENDANT"), respectfully submits the following answer, affirmative defenses, and counterclaims to Plaintiffs Louise Paris, LTD. ("PARIS") and Rainbow USA, Inc.'s ("RAINBOW") Complaint. Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendant STANDARD denies each and every allegation and assertion made in the Complaint.

The Paragraphs that follow align to the numbered paragraphs of Plaintiffs' Complaint:

## NATURE OF ACTION

1. In response to Paragraph 1 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

## JURISDICTION AND VENUE

2. In response to Paragraph 2 of the Complaint, Defendant admits that this Court has federal question jurisdiction over this action.

3. In response to Paragraph 3 of the Complaint, Defendant is without sufficient information to respond and on that basis denies the allegations.

## THE PARTIES

4. In response to Paragraph 4 of the Complaint, Defendant is without sufficient information to respond and on that basis denies the allegations.

5. In response to Paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

6. In response to Paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

7. In response to Paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

8. In response to Paragraph 8 of the Complaint, Defendant is without sufficient information to respond and on that basis denies the allegations.

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

9. In response to Paragraph 9 of the Complaint, Defendant admits.

10. In response to Paragraph 10 of the Complaint, Defendant admits.

11. In response to Paragraph 11 of the Complaint, Defendant is without sufficient information to respond and on that basis denies.

12. In response to Paragraph 12 of the Complaint, Defendant is without sufficient information to respond and on that basis denies the allegations.

13. In response to Paragraph 13 of the Complaint, Defendant admits.

14. In response to Paragraph 14 of the Complaint, Defendant is without sufficient information to respond and on that basis denies the allegations.

15. In response to Paragraph 15 of the Complaint, Defendant admits.

16. In response to Paragraph 16 of the Complaint, Defendant admits.

17. In response to Paragraph 17 of the Complaint, Defendant is without sufficient information to respond and on that basis denies the allegations.

18. In response to Paragraph 18 of the Complaint, Defendant is without sufficient information to respond and on that basis denies the allegations.

19. In response to Paragraph 19 of the Complaint, Defendant is without sufficient information to respond and on that basis denies the allegations.

20. In response to Paragraph 20 of the Complaint, Defendant admits.

21. In response to Paragraph 21 of the Complaint, Defendant denies.

22. In response to Paragraph 22 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

23. In response to Paragraph 23 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

Plaintiffs should take nothing by way of their complaint, and Defendant should be entitled to recover its costs, attorneys' fees, and any other relief available in law or equity.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears any burden of proof as to any of them or their respective elements, Defendant asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. Plaintiffs' Complaint, and each purported claim for relief contained therein, fails to state any claim upon which relief may be granted. Defendant alleges that it is not liable for any claim alleged herein, that Plaintiffs have sustained no loss or damages as a result of Defendant's alleged conduct, and that Defendant is not liable for any claim alleged by Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

**(Acted in Good Faith)**

2. Defendant alleges that at all times relevant herein, it acted in good faith and had no reason to believe in the existence of facts as alleged and complained of in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

**(Waiver, Estoppel, and Acquiescence)**

3. Plaintiffs' claims are all barred by the doctrines of waiver, estoppel, and acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4. Plaintiffs' claims are all barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

5. Plaintiffs' claims are all barred because Plaintiffs have no standing to assert any claim or cause of action, herein, as Plaintiffs are not legal or beneficial owner of any intellectual property rights asserted in this action.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6. The remedies sought by the claims for relief are limited or precluded by Plaintiffs' failure to mitigate their losses.

### SEVENTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Negligence and Assumption of Risk)

7. Plaintiffs' injuries were caused by its own contributory/ comparative negligence and/or assumption of the risk.

### EIGHTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

8. Plaintiffs are not entitled to any recovery against Defendant because any harm incurred by Plaintiffs was the result of conduct by third parties for whom Defendant was not responsible.

### NINTH AFFIRMATIVE DEFENSE

### (Acts and Omissions)

9. Plaintiffs are not entitled to any recovery against Defendant because Plaintiffs assumed all risks and/or caused or contributed to the alleged injuries or damages by their own negligent, intentional, willful, or bad faith acts and omissions.

### TENTH AFFIRMATIVE DEFENSE

### (Consent)

10. Plaintiffs' claims are all barred because Plaintiffs expressly or impliedly consented to Defendant's actions.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Ratification)

11. Plaintiffs' claims are all barred by the doctrines of acquiescence and/or ratification as a result of the acts or omissions of Plaintiffs or others that are attributable to Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Wrongful Act)

12. Plaintiffs' claims are all barred because Defendant has not engaged in any unlawful, unfair, or inequitable business practices; rather its conduct was at all times proper, justified, privileged, and performed in the exercise of absolute rights granted to it by the laws and institutions of the United States government.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Improper)

13. Defendant alleges that Plaintiffs fail to state facts sufficient to permit recovery of attorneys' fees.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

14. Plaintiffs have not suffered any irreparable harm and injunctive relief is unwarranted.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Injury or Damages)

15. Defendant alleges that Plaintiffs have sustained no loss or damages as a result of Defendant's alleged conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches and Statute of Limitations)

16. Plaintiffs' Claims are barred by the doctrine of laches and/or by applicable the statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

17. Plaintiffs are barred from recovery in whole or in part because they would be unjustly enriched if they are permitted to recover on their Claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

18. Defendant expressly reserves all rights to amend this answer to assert additional affirmative defenses as may become appropriate as discovery and factual and legal research are conducted.

WHEREFORE, Defendant prays that Plaintiffs' claims be denied, that judgment be entered in favor of Defendant, that Plaintiffs take nothing, and that Defendant be awarded its costs and attorneys' fees, as well as any further relief that the Court may deem just and proper.

## COUNTERCLAIMS

Counterclaimant, STANDARD, by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Counterclaimant is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

5. Counterclaimant is informed and believes and thereon alleges that Counterdefendant LOUISE PARIS, LTD ("PARIS") is a corporation organized and existing under the laws of the state of New York, and is doing business in and with the state of New York.

6. Counterclaimant is informed and believes and thereon alleges that Counterdefendant RAINBOW USA, INC. ("RAINBOW") is a New York Corporation doing business in and with the state of New York.

7.   Counterclaimant is informed and believes and thereon alleges that some Counterdefendants, DOES 1 through 4, inclusive, are manufacturers and/or vendors of garments to Counterdefendants, which DOE Counterdefendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Counterclaimant's copyrighted designs (as hereinafter defined) without Counterclaimant's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Counterdefendants DOES 1-4, inclusive, are presently unknown to Counterclaimant, which therefore sues said DOE Counterdefendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

8.   Counterdefendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Counterclaimant's copyrights, have contributed to the infringement of Counterclaimant's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Counterdefendants DOES 5 through 10, inclusive, are presently unknown to Counterclaimant, which therefore sues said DOE Counterdefendants by such fictitious names, and will seek leave to amend this Counterclaimt to show their true names and capacities when same have been ascertained.

9.   Counterclaimant is informed and believes and thereon alleges that at all times relevant hereto each of the Counterdefendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining Counterdefendants and was at all times acting within the scope of such agency, affiliation, alter ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not

limited to, full knowledge of each and every violation of Counterclaimant's rights and the damages to Counterclaimant proximately caused thereby.

### CLAIMS RELATED TO DESIGN NO. 7851

10.     STANDARD owns an original two-dimensional artwork used for purposes of textile printing entitled 7851 (the "Subject Design"). The Subject Design is an original work of authorship which is, and at all relevant times was, owned in exclusivity by Plaintiff. A true and correct image of the Subject Design is displayed below:

**Subject Design:**



11.     STANDARD applied for and received a United States Copyright Registration for the Subject Design prior to the commencement of this Action.

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

12. Prior to the acts complained of herein, STANDARD widely disseminated fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

13. STANDARD is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Design and without STANDARD's authorization, Counterdefendants manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical or substantially similar to the Subject Design (the "Subject Product"), including but not limited to:

    a. Garments sold at Rainbow retail stores under SKU No. 002-111-4475. Such garments bore the label "Toxik3" and were manufactured, caused to be manufactured, or supplied by or for Louise Paris. A true and correct image of said garment is displayed below:



14. It is apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are identical or substantially similar.

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Counterdefendants)

15.     STANDARD repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Counterclaim.

16.     STANDARD is informed and believes and thereon alleges that Counterdefendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to STANDARD's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Counterdefendants, including without limitation international and/or overseas converters and printing mills; (c) access to STANDARD's strike-offs and samples, and (d) access to garments manufactured with fabric lawfully printed through STANDARD. The nature of the copying itself is also evidence of access.

17.     STANDARD is informed and believes and thereon alleges that one or more of the Counterdefendants manufactures garments and/or is a garment vendor.  STANDARD is further informed and believes and thereon alleges that said Plaintiff(s) has an ongoing business relationship with Plaintiff retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Design.

18.     STANDARD is informed and believes and thereon alleges that Counterdefendants, and each of them, infringed STANDARD's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing

and/or selling garments which infringe the Subject Design through a network of retail stores and on-line outlets.

19. Due to Counterdefendants' acts of infringement, STANDARD has suffered substantial damages to its business in an amount to be established at trial.

20. Due to Counterdefendants' acts of infringement, STANDARD has suffered general and special damages in an amount to be established at trial.

21. Due to Counterdefendants' acts of copyright infringement as alleged herein, Counterdefendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, STANDARD is entitled to disgorgement of Counterdefendants' profits directly and indirectly attributable to Counterdefendants' infringement of the Subject Design in an amount to be established at trial.

22. On information and belief, Defendant alleges that Counterdefendants, and each of them, engaged in the above infringement willfully and/or with reckless disregard for Defendants' copyrights. So owing, Defendant will seek enhanced and/or statutory damages in an amount up to $150,000.00 per infringement, and seek to preclude certain profit calculation deductions and affirmative defense.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Counterdefendants)

23. STANDARD repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Counterclaim.

24. STANDARD is informed and believes and thereon alleges that Counterdefendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Design as alleged hereinabove.

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

25. STANDARD is informed and believes and thereon alleges that Counterdefendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

26. By reason of the Counterdefendants', and each of their, acts of contributory and vicarious infringement as alleged above, STANDARD has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

27. Due to Counterdefendants' acts of copyright infringement as alleged herein, Counterdefendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, STANDARD is entitled to disgorgement of Counterdefendants' profits directly and indirectly attributable to Counterdefendants' infringement of the Subject Design, in an amount to be established at trial.

28. On information and belief, Defendant alleges that Counterdefendants, and each of them, engaged in the above infringement willfully and/or with reckless disregard for Defendants' copyrights. So owing, Defendant will seek enhanced and/or statutory damages in an amount up to $150,000.00 per infringement, and seek to preclude certain profit calculation deductions and affirmative defense.

## PRAYER FOR RELIEF

Wherefore, STANDARD prays for judgment as follows:

### Against All Counterdefendants

### With Respect to Each Claim for Relief

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

    a. That Counterdefendants, their agents and employees be enjoined from infringing STANDARD's copyrights in any manner, specifically those for the Subject Design;

    b.     That STANDARD be awarded all profits of Counterdefendants plus all losses of STANDARD, plus any other monetary advantage gained by the Counterdefendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

    c.     That STANDARD be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

    d.     That STANDARD be awarded pre-judgment interest as allowed by law;

    e.     That STANDARD be awarded the costs of this action; and

    f.     That STANDARD be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

                              Respectfully submitted,

Dated: May 28, 2015                By:  /s/ Michael D. Steger
                                         Michael D. Steger (MS2009)
                                         Steger Krane LLP
                                         1601 Broadway, 12th Floor
                                         New York, NY  10019
                                         (212) 736-6800
                                         (845) 689-2155 (fax)
                                         *Attorneys for Defendant and Counterclaimant*