Louis S. Ederer
Matthew T. Salzmann
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiffs and
Counterdefendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

LOUISE PARIS, LTD. and RAINBOW USA INC.,

                Plaintiffs,

- against -

STANDARD FABRICS INTERNATIONAL, INC.,

                Defendant.

------------------------------------------------------------- x
------------------------------------------------------------- x

STANDARD FABRICS INTERNATIONAL, INC.,

                Counterclaimant,

- against -

LOUISE PARIS, LTD. and RAINBOW USA INC.,

                Counterdefendants.

------------------------------------------------------------- x

Civil Action No. 15-cv-03250 (PKC)

**ANSWER TO COUNTERCLAIMS**

Plaintiffs and Counterdefendants Louise Paris, Ltd. ("Louise Paris") and Rainbow USA Inc. ("Rainbow") (collectively, "Counterdefendants"), by and through their undersigned counsel,

hereby answer Defendant and Counterclaimant Standard Fabrics International, Inc. ("Counterclaimant")'s Counterclaims as follows:

## JURISDICTION AND VENUE

1. In response to paragraph 1 of the Counterclaims, Counterdefendants admit that Counterclaimant's counterclaims arise under the Copyright Act, but deny the merits of such claims.

2. In response to paragraph 2 of the Counterclaims, Counterdefendants deny that this Court has federal question jurisdiction under 28 U.S.C. § 1338(b), as Counterclaimant has not asserted any claim for unfair competition in this action, but admit that this Court has subject matter jurisdiction over the claims asserted against them in this action, and deny the merits of such claims.

3. Counterdefendants admit the allegations of paragraph 3 of the Counterclaims.

## PARTIES

4. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Counterclaims and, therefore, deny the same.

5. In response to paragraph 5 of the Counterclaims, (a) Louise Paris denies the allegations contained therein except that it admits that it is a limited liability company organized under the laws of the State of New York, and is doing business in the State of New York, and (b) Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same.

6. In response to paragraph 6 of the Counterclaims, (a) Rainbow denies the allegations contained therein except that it admits that it is a corporation organized under the laws of the State of New York, and is doing business in (not with) the State of New York, and

2

(b) Louise Paris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same.

7. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Counterclaims and, therefore, deny the same.

8. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Counterclaims and, therefore, deny the same.

9. Counterdefendants deny the allegations of paragraph 9 of the Counterclaims.

## CLAIMS RELATED TO DESIGN NO. 7851

10. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Counterclaims and, therefore, deny the same, and further state that the image contained in paragraph 10 speaks for itself, but that they are without knowledge or information sufficient to form a belief as to whether the image of the "Subject Design" is a true and correct copy of the deposit material submitted to the U.S. Copyright Office in connection with Counterclaimant's purported registration of "7851".

11. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Counterclaims and, therefore, deny the same.

12. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Counterclaims and, therefore, deny the same.

13. In response to paragraph 13 of the Counterclaims, Counterdefendants deny all of

the allegations contained therein, and further state that they are without knowledge or information sufficient to form a belief as to whether the image of the "Subject Product" is a true and correct image of a garment allegedly sold by Rainbow under SKU 002-111-4475, or otherwise, and, therefore, deny the same.

14. Counterdefendants deny the allegations of paragraph 14 of the Counterclaims.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Counterdefendants)

15. Counterdefendants restate and incorporate by reference their responses to paragraphs 1 through 14 above, as if fully set forth herein.

16. Each Counterdefendant denies the allegations of paragraph 16 of the Counterclaims as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Counterdefendants and, therefore, denies the same.

17. Each Counterdefendant denies the allegations of paragraph 17 of the Counterclaims as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Counterdefendants and, therefore, denies the same.

18. Each Counterdefendant denies the allegations of paragraph 18 of the Counterclaims as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Counterdefendants and, therefore, denies the same.

19. Counterdefendants deny the allegations of paragraph 19 of the Counterclaims.

20. Counterdefendants deny the allegations of paragraph 20 of the Counterclaims.

21. Counterdefendants deny the allegations of paragraph 21 of the Counterclaims.

22.     Each Counterdefendant denies the allegations of paragraph 22 of the Counterclaims as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Counterdefendants and, therefore, denies the same.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement -

Against All Counterdefendants)

23.     Counterdefendants restate and incorporate by reference their responses to paragraphs 1 through 22 above, as if fully set forth herein.

24.     Each Counterdefendant denies the allegations of paragraph 24 of the Counterclaims as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Counterdefendants and, therefore, denies the same.

25.     Each Counterdefendant denies the allegations of paragraph 25 of the Counterclaims as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Counterdefendants and, therefore, denies the same.

26.     Counterdefendant deny the allegations of paragraph 26 of the Counterclaims.

27.     Counterdefendant deny the allegations of paragraph 27 of the Counterclaims.

28.     Each Counterdefendant denies the allegations of paragraph 28 of the Counterclaims as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Counterdefendants and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

By and for their affirmative defenses, Counterdefendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims, and the claims for relief therein, fail to allege facts sufficient to state

a claim for relief against Counterdefendants, including, but not limited to, failure to meet the standard of pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## SECOND AFFIRMATIVE DEFENSE

Counterdefendants are informed and believe, and on that basis allege, that the Counterclaims, and the purported claims for relief contained therein, are barred (in whole or in part) by Counterclaimant's fraud and/or deception in the copyright registration process (which, upon information and belief, includes, among other things, misrepresenting to the U.S. Copyright Office that it is the owner of the Subject Design, and that the Subject Designs is an original works of authorship), for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Counterclaimant's claims are barred (in whole or in part) because of its anti-competitive intent and conduct, its misuse of its purported copyright and its abuse of the judicial process, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## FOURTH AFFIRMATIVE DEFENSE

Counterclaimant's claims are barred (in whole or in part) by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Counterclaimant's claims are barred (in whole or in part) by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Counterclaimant's claims are barred (in whole or in part) by the doctrine of release, waiver, and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Counterclaimant's claims are barred (in whole or in part) by the doctrine of acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

Counterclaimant's claims are barred by the applicable statute of limitations, including Section 507 of the Copyright Act.

## NINTH AFFIRMATIVE DEFENSE

Counterclaimant's claims are barred because Counterclaimant has failed to assert ownership of and identify valid copyrights.

## TENTH AFFIRMATIVE DEFENSE

Counterclaimant's claims are barred because Counterclaimant's purported copyright and/or copyright registration is invalid, void and unenforceable. Among other things, Counterdefendants contend that a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support for one or more of the following:

(a) the registration for the purported copyright is a collection or compilation registration that contains material that is not original and/or protectable as a matter of law;

(b) the registration for the purported copyright is a collection or compilation registration that contains material originally developed by persons or entities other than Counterclaimant; and/or

(c) the registration for the purported copyright is a collection or compilation

7

registrations that contains material found in the public domain.

## ELEVENTH AFFIRMATIVE DEFENSE

Counterclaimant lacks standing to bring the claims asserted in the Counterclaim because, among other things, Counterclaimant is not the owner of the Subject Design.

## TWELFTH AFFIRMATIVE DEFENSE

Counterclaimant's claims are barred because the Subject Design is not an original work of authorship and thus is not entitled to copyright protection.

## THIRTEENTH AFFIRMATIVE DEFENSE

Counterclaimant cannot prevail on its claims against Counterdefendants because Counterdefendants did not have access to Counterclaimant's Subject Design.

## FOURTEENTH AFFIRMATIVE DEFENSE

Counterclaimant cannot prevail on its claims against Counterdefendants because the Accused Product is not substantially similar in overall appearance to the Subject Design.

## FIFTEENTH AFFIRMATIVE DEFENSE

Counterclaimant cannot prevail on its claims against Counterdefendants because to the extent Counterclaimant may be entitled to any copyright protection in the Subject Design, such protection is extremely thin, and Counterclaimant will not be able to establish infringement under the principles governing thin copyrights.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Counterdefendants infringed any copyright interest purportedly held by Counterclaimant relating to the Subject Design, which they deny, they did so with innocent intent.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Counterclaimant's claims are barred (in whole or in part) by its failure to mitigate damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Counterclaimant has not sustained any injury or damage as a result of any act or conduct of Counterdefendants with respect to the Subject Design.

### NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Counterclaimant's claims are barred because it has failed to join indispensable parties, including without limitation, others claiming ownership of or other interests in the purported copyright in the Subject Design, all of whom who are necessary for a complete and full adjudication of Counterclaimant's claims, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### TWENTIETH AFFIRMATIVE DEFENSE

Upon information and belief, Counterclaimant's claims are barred by the doctrine of consent, in that Counterclaimant consented to the acts it now complains of, as evidenced by, among other things, its purposeful distribution of copies of the Subject Design into the public domain, and deliberate allowance of such designs to be copied freely outside the United States.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Counterclaimant's claims are barred or limited by the scenes a faire and/or merger doctrine, in that, among other things, Counterclaimant's purported Subject Design is ordinary, commonplace, or standard in the relevant art or industry.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Counterclaimant's purported damages are subject to apportionment — if Counterclaimant

is entitled to any damages, which it is not, it is only entitled to recover Counterdefendants' profits attributable to the particular complained-of textile print, not the entirety of their profit from the sale of the Subject Product.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Counterdefendants reserve the right to allege additional affirmative defenses as they may become known, and to amend this Answer accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Counterdefendants pray for judgment as follows:

1. That Counterclaimant's Counterclaims be dismissed with prejudice and that Counterclaimant take nothing from Counterdefendants by virtue of its Counterclaims;

2. That judgment be entered in favor of Counterdefendants, and against Counterclaimant;

3. That Counterdefendants be awarded their costs of suit and reasonable attorneys' fees incurred herein; and

4. For such other and further relief as this Court may deem just and proper.

Dated: New York, New York  
June 17, 2015

ARNOLD & PORTER LLP

*/s/ Louis S. Ederer*

Louis S. Ederer  
Matthew T. Salzmann  
399 Park Avenue  
New York, New York 10022  
Telephone: (212) 715-1000  
Facsimile: (212) 715-1399  
Email: Louis.Ederer@aporter.com  
Email: Matthew.Salzmann@aporter.com

*Attorneys for Plaintiffs and Counterdefendants Louise Paris, Ltd. and Rainbow USA Inc.*