ARNOLD & PORTER LLP

**Laura W. Tejeda**
Laura.Tejeda@aporter.com

+1 212.715.1027
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

November 30, 2015

**VIA ECF**
Hon. P. Kevin Castel
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *Louise Paris, Ltd., et al. v. Standard Fabrics International, Inc.*, No. 15-cv-3250

Dear Judge Castel:

  We represent Plaintiffs and Counterdefendants Louise Paris, Ltd. and Rainbow USA Inc. (collectively, "Plaintiffs") in the above-referenced action. We write to oppose Defendant and Counterclaimant Standard Fabrics International, Inc. ("Defendant")'s November 25, 2015 letter requesting that the discovery cut-off in this action be extended from December 1, 2015 through and including January 4, 2015, as well as to respectfully request that the subpoenas *duces tecum* that Defendant apparently served on non-parties Wet Seal (the "Wet Seal Subpoena") and Ikeddi Enterprises (the "Ikeddi Subpoena") — without providing prior notice to Plaintiffs — be quashed, and any documents or information produced in response to such subpoenas be excluded in light of Defendant's failure to comply with Federal Rule of Civil Procedure 45(a)(4).

  This is not the first time Defendant's counsel has engaged in improper conduct in this action. While Defendant is quick to falsely accuse Plaintiffs of failing to comply with their discovery obligations, it is Defendant's actions that have been improper and which are the true source of any delay in discovery. As Defendant's counsel points out, Defendant learned of Wet Seal's possible involvement in this dispute at the deposition of Louise Paris' corporate representative, conducted **twenty-three days** prior to its purported service of the Wet Seal Subpoena on November 4, 2015.[1] Aside from the fact that Defendant failed to provide

---

[1] Plaintiffs further note that the California-based attorney, Scott Burroughs, Esq., of the law firm of Doniger/Burroughs APC, who conducted the deposition of Louise Paris' corporate representative in this judicial district on October 12, 2015, is neither employed by Defendant's counsel, Steger Krane LLP, nor admitted in the Southern District of New York. Although Plaintiffs objected to Mr. Burroughs conducting the deposition of Louise Paris' corporate representative, Mr. Burroughs disregarded such objections, and in what can only be described as a complete disregard for this Court and its governing rules, still has not bothered to file an application for *pro hac vice* admission to this Court, as required by

Footnote continued on next page

Plaintiffs' counsel with prior notice of the Wet Seal Subpoena, it had plenty of time to pursue that discovery and complete it prior to the December 1, 2015 cut-off.[2] Thus, any risk of not completing discovery by the deadline is the result Defendant's own doing, and its delay-tactics should not be rewarded.

Aside from denying Defendant's request to unnecessarily extend discovery for another month, this Court should quash Defendant's improper subpoenas purportedly served on Wet Seal and Ikeddi Enterprises, and further preclude Defendant from introducing and/or relying on at trial any documents or information produced in response to these improper subpoenas. Federal Rule of Civil Procedure 45(a)(4) explicitly requires that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then ***before it is served*** on the person to whom it is directed, ***a notice and a copy of the subpoena must be served on each party***" (emphasis added). The notice requirement set forth in Rule 45(a)(4) is "mandatory and failure to abide by this requirement constitutes grounds to quash a subpoena." *Mirra v. Jordan*, 2014 WL 2511020, at *2-3 (S.D.N.Y. May 28, 2014) (granting motion to quash non-party subpoenas *duces tecum*, and further requiring the return of any responsive information and documents produced in response to the subpoenas, where requesting party failed to provide notice prior to their issuance); *see also Usov v. Lazar*, 2014 WL 4354691, at *14-15 (S.D.N.Y. Sept. 2, 2014) (granting motion to quash non-party subpoena *duces tecum* where requesting party failed to give notice prior to the issuance of the subpoena, recognizing that "the requirement that prior notice [] be given has important underpinnings of fairness and efficiency") (internal quotation omitted).

Here, Plaintiffs did not even learn that Defendant's counsel had purportedly served the Wet Seal Subpoena on November 4, 2015 until ***November 24, 2015***, when Defendant's counsel first provided Plaintiffs' counsel with a copy of Wet Seal's objections and documents produced in response to the subpoena. Remarkably, when we immediately questioned Defendant's counsel of record, Michael D. Steger, Esq., as to why Plaintiffs had not received notice of the Wet Seal Subpoena prior to its issuance — or otherwise for that matter — Mr. Steger advised: "You were served with a copy by mail. I'll send you a courtesy copy tomorrow." What Mr. Steger failed to mention, but which became clear the following afternoon when he emailed us a

---

Footnote continued from previous page

Local Civil Rule 1.3(c). An excerpt from the transcript of the deposition of Louise Paris' corporate representative is attached hereto as Exhibit A.

[2] Moreover, as part of its discovery delay tactics, it was not until November 20, 2015 that Defendant amended its initial disclosures to identify as a potential witness the non-party that purportedly created the copyrighted work that Defendant acquired by assignment (although that material fact was excluded from Defendant's copyright application), and that Plaintiffs are accused of infringing.

"courtesy copy" of the alleged service copy of the Wet Seal Subpoena (without the specific requests that were annexed thereto), was that according to his own Certificate of Service, Defendant's counsel did not even purport to serve us with notice of the Wet Seal Subpoena until November 13, 2015, **nine days after** the subpoena was purportedly served on Wet Seal.  A copy our November 24-25, 2015 correspondence with Mr. Steger regarding the Wet Seal Subpoena, as well as the subpoena itself, is attached hereto as Exhibit B.  Moreover, although Defendant's counsel of record, Mr. Steger, maintains his office in New York City, the alleged service copy of the Wet Seal Subpoena — which we have yet to receive in the mail — was served from California by a paralegal working for Mr. Burroughs' firm, Doniger/Burroughs APC, who are not even attorneys of record in this case.

As for the Ikeddi Subpoena, not to be outdone by his prior shenanigans, Mr. Steger advises the Court in his November 25 letter that he "served notice of that subpoena [by U.S. Mail] on Louise Paris' counsel today."  In other words, Plaintiffs will be lucky to receive a copy of the Ikeddi Subpoena before the end of this week.  Once again, Defendant's counsel's shows complete disregard for the prior notice requirement set forth in Rule 45(a)(4).  Courts in this Circuit have repeatedly interpreted Rule 45(a)(4) as "requir[ing] that notice be given prior to the issuance of the subpoena, not prior to its return date." *Murphy v. Board of Educ.*, 196 F.R.D. 220, 222 (W.D.N.Y. 2000) (citations omitted); *see also*, *Fox Industries, Inc. v. Gurovich*, 2006 WL 2882580, at *11 (E.D.N.Y. Oct. 6, 2006) (finding that notice provided on the same day that the subpoenas were served constitutes inadequate notice under Rule 45).  Therefore, the Ikeddi Subpoena, like the Wet Seal Subpoena, should be quashed.

Accordingly, the Court should deny Defendant's request that the discovery cut-off be extended, and either quash the Wet Seal and Ikeddi Enterprises Subpoenas and order that any documents or information produced in response thereto be excluded, or permit Plaintiffs to formally move for such relief.

We thank the Court for its consideration, and will be prepared to discuss these issues at tomorrow's conference.

            Respectfully,

            /Laura W. Tejeda/

            Laura W. Tejeda

cc:  Michael D. Steger, Esq.