UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISE PARIS, LTD. and RAINBOW USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> STANDARD FABRICS INTERNATIONAL, INC., <br><br> Defendant. <br><hr> STANDARD FABRICS INTERNATIONAL, INC., <br><br> Counterclaimant, <br><br> v. <br><br> LOUISE PARIS, LTD.; RAINBOW USA, INC.; and DOES 1-10, <br><br> Counterdefendants | Case No.: 15-CV-3250-KC <br><br> **DECLARATION OF JACOB ZAKARIA** |

  I, Jacob Zakaria, declare that I am over 18 years old and am competent to make the testimony set forth below. Except for those matters stated on information and belief, I have personal knowledge of the following. If called as a witness, I could and would competently testify as follows:

  1. I am the president of Standard Fabrics International, Inc. ("SFI"), the Counterclaimant in this action. I have personal knowledge of its business practices and its business records, for which I am a custodian. I make this declaration in support of SFI's Motion for Partial Summary Judgment.

2. SFI is a Los Angeles-based textile company. It creates original textile designs, or purchases the exclusive rights to designs that are created by reputable art studios. SFI sells fabric featuring its proprietary designs to its customers, which then manufacture SFI's fabric into garments that are sold to retailers. It is critical to SFI's business to be the exclusive source of its designs because this design portfolio allowed it to stand out in the market and compete against other companies that charged lower rates but were unable to offer trendy, fashion-forward designs.

3. SFI owns the rights to an original work of art that it developed and put in repeat for use on printed fabrics. SFI has entitled this work "7851" ("7851" or the "Subject Design"). It was developed by SFI for use on printed fabrics, and a variety of color combinations (or "colorways") were created by the company in hopes of soliciting purchases from its clients. The true and correct internal design registration form, as provided in **Exhibit 8** submitted concurrently herewith, is a standard SFI business record that is drafted upon the creation of new SFI print designs. I review and approve all internal design registration forms for SFI, and did so for the Subject Design's internal design registration form.

4. At all relevant times, the Subject Design was owned by SFI. SFI applied for and received U.S. Copyright Certificate of Registration No. VA 1-894-565 for the Subject Design, as part of SFI's "Spring Summer 2014 collection," with an effective date of registration of November 27, 2013. Attached hereto as **Exhibit 1** is a true and correct copy of the copyright registration certificate for this work, and a copy of the Subject Design deposited with the Copyright Office.

5. It is SFI's standard business practice to use motifs from prior artwork it owns to create new original designs. This form, dated August 29, 2013, confirms that the Subject Design was created for SFI by SFI designer Turia Ostling, who was "[i]nspired by print 7804 and added pop colors." With the finalization of this document, the Subject Design was officially designated as "7851." The Subject Design was based on SFI's 7804 design. 7804 was inspired by preexisting SFI designs 6450 and 4002, for which SFI also holds copyright registrations.

Attached hereto as **Exhibit 2** are true and correct copies of these source artworks with corresponding copyright registration certificates. Design 4002 was based on an original artwork from Bernini Studio s.r.l., a design studio located in Como, Italy. In May, 2011, SFI purchased all rights to that design from Bernini Studio. Attached hereto as **Exhibit 3** are true and correct copies of the assignment of rights, sales invoice, and fabric header from Bernini Studio for this design.

6. All of SFI's customers and prospective customers are advised by SFI's salespeople that SFI's designs are copyrighted and proprietary. SFI further provides written notice of the proprietary nature of its designs with the samples, headers, e-mails containing images of its designs, and production orders provided to its customers.

7. SFI first sampled and sold fabric bearing the Subject Design to its customers in or around August of 2013. SFI continued to market and sell fabric bearing the Subject design to its clientele, sampling and selling over 375,000 yards of fabric bearing the Subject Design to customers nationwide. Before Louise Paris created the infringing design at issue in this case ("Accused Design"), Standard had already distributed over 175,000 yards of fabric bearing the Subject Design to customers across the country. Attached hereto as **Exhibit 4** is a sampling and sales report reflecting SFI's sales of fabric featuring the Subject Design.

8. Louise Paris and SFI enjoyed a working relationship before Louise Paris began copying Standard's artwork without permission. This relationship included numerous meetings at which Louise Paris reviewed SFI's line of fabrics, which included the Subject Design. SFI provided samples, including a fabric header of the Subject Design, to Louise Paris in hopes of eliciting production orders for fabric. Louise Paris never placed a full production order with SFI. Attached hereto as **Exhibit 5** are true and correct copies of e-mails from and to SFI salespeople and Louise Paris employees regarding attempts to obtain production orders from Louise Paris starting from June 2013.

9. On or about March 26, 2014 SFI shipped 4,956 yards of fabric featuring the Subject Design in Black/Neon Lime to Ikeddi Enterprises, Inc. ("Ikeddi"). SFI shipped another

713 yards of fabric featuring the Subject Design in Black/Neon Lime to Ikeddi on or about April 15, 2014. These full production orders came after SFI had sampled the Subject Design to Ikeddi in many colorways, including Black/Neon Lime, from in or about December 2013. Attached hereto as **Exhibit 6** are true and correct copies of SFI's invoices to Ikeddi for sample and production orders of fabric featuring the Subject Design. The portions of the invoices reflecting sales of the Black/Neon Lime colorway have been highlighted for reference.

10. SFI first discovered that Louise Paris had copied its artwork when SFI discovered retailer Rainbow to be selling garments bearing the Accused Design in early 2015. Attached hereto as **Exhibit 7** are true and correct images of the infringing garments discovered being sold by Rainbow, with tags and receipts. All purchases of the infringing garments were made by me or at my direction.

I declare under penalty of perjury under the laws of New York and the United States of America that the foregoing is true and correct.

Executed on February 1, 2016 at Los Angeles, California.

By: _____
Jacob Zakaria
Declarant