**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUISE PARIS, LTD. and RAINBOW USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> STANDARD FABRICS INTERNATIONAL, INC., <br><br> Defendant. <br><br> ——————————————— <br><br> STANDARD FABRICS INTERNATIONAL, INC., <br><br> Counterclaimant, <br><br> v. <br><br> LOUISE PARIS, LTD.; RAINBOW USA, INC.; and DOES 1-10, <br><br> Counterdefendants. | Case No.: 15-CV-3250-PKC |

**STANDARD FABRICS INTERNATIONAL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Michael D. Steger
Law Offices of Michael D. Steger, PC
30 Ramland Road, Suite 201
Orangeburg, NY 10962
(646) 517-0600
(845) 689-2155 (fax)
msteger@steger-law.com
Attorney for Defendant and Counterclaimant

**TABLE OF CONTENTS**

I.    INTRODUCTION……………………………………………………………...………1
II.    ARGUMENT……………………………………………………………………….....1
      A. Liability for Infringement is established……………………………………………1
          1.    Counterdefendants fail to rebut SFI's presumption of
              ownership and validity……………………………………………………1
              a. SFI's registration covers the Subject Design…………………………..2
              b. The Subject Design is an original artwork………………………….....3
              c. The "errors" in the registration do not rebut the
                 presumption of validity……………………………………………….5
          2.    Counterdefendants copied the Subject Design……………………………8
      B. Louise Paris is liable for willful copyright infringement……………………………..10
III.    CONCLUSION……………………………………………………………………….10

# TABLE OF AUTHORITIES

Cases:
*Boisson v. Banian, Ltd.*, 273 F.3d 262, 268 (2d Cir.2001)……………………………………...3
*Bourne Co. v. Walt Disney Co.*, 1992 WL 489766 (S.D.N.Y. 1992)……………..……..…..8
*Cameron Indus., Inc. v. Mother's Work, Inc.*, 338 F. App'x 69, 71 (2d Cir. 2009)………...9
*Carol Barnhart, Inc. v. Econ. Cover Corp.* 773 F.2d 411, 414 (2d Cir. 1985)………………1
*Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.*, 409 F.2d 1315, 1316 (2d Cir. 1969)…9
*Dynamic Sols., Inc. v. Planning & Control, Inc.,* 646 F. Supp. 1329, 1341 (S.D.N.Y. 1986).2
*Eckes v. Card Prices Update*, 736 F.2d 859, 861–62 (2d Cir.1984)…………………………5
*Feist Publications. Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991)……………...4
*First Am. Artificial Flowers, Inc. v. Joseph Markovits Inc.*, 342 F. Supp. 178, 183 (S.D.N.Y. 1972)……………………………………………………………………………………….…..6
*Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 766 (2d Cir. 1991)…………...…9
*Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.1997)……………………...……......1
*Green v. Doukas,* No. 97 CIV.8288CMGAY, 2001 WL 767069, at *8
    (S.D.N.Y. June 22, 2001)……………………………………………………….…..8
*Hamil America Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999)……………………………..…1
*Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189 (2d Cir. 1985)…………………..8
*Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996)………………….8
*Jedson Eng'g, Inc. v. Spirit Constr. Servs.*, 720 F. Supp. 2d 904, 914 (S.D. Ohio 2010)……..5
*Knitwaves, Inc. v. Lollytogs* Ltd., 71 F.3d 996, 1003-04 (2d Cir. 1995)……………………..4
*Lapham v. Porach*, No. 06-CIV-6861CM, 2007 WL 1224924, (S.D.N.Y. Apr. 25, 2007)…..6
*Lennon v. Seaman*, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000)……………………….…..1
*Malibu Textiles, Inc. v. Carol Anderson, Inc.*, No. 07 CIV. 4780 (SAS)
    2008 WL 2676356, at *6 (S.D.N.Y. July 8, 2008)……………………..……………5
*Morris v. Business Concepts, Inc.,* 283 F.3d 502, 505 (2d Cir.2002)……………………...3
*Mulberry Thai Silks, Inc. v. K & K Neckwear, Inc.*, 897 F.Supp. 789, 792 (S.D.N.Y.1995)…4
*Neidich v. Estate of Neidich*, 222 F. Supp. 2d 357, 368 (S.D.N.Y. 2002)…………………..8
*Novelty Textile Mills v. Joan Fabrics Corp.*, 558 F.2d 1090, 1093 n. 3 (2d Cir. 1977)……...4
*Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487 (2d Cir. 1960)………………9
*Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir.1969)………………..8
*Sheldon v. Metro–Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir.1936)…………………..9
*Sunham Home Fashions, LLC v. Pern-America, Inc.*, No. 02 Civ. 6284,
    2002 WL 31834477, at *5 (S.D.N.Y. Dec. 17, 2002)………………………………..5
*Testa v. Janssen*, 492 F. Supp. 198 (D.C. Pa. 1980)……………………………………..8
*Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000)……………………...1
*Thomas Wilson & Co. v. Irving J. Dorfman Co.*, 433F.2d409 (2d. Cir.1970)………………8
*Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 110 n. 16 (2d Cir.2010)……………………10
*Viacom Intern., Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012)…………………………10
*Wales Indus. v. Hasbro Bradley, Inc.*, 612 F. Supp. 510, 515 (S.D.N.Y. 1985)…………….7

Statutes:
17 U.S.C. § 408(d)……………………………………………………………………….7, 8
17 U.S.C. §410(c)……………………………………………………………………….…1
17 U.S.C. §411(b)(1)………………………………………………………………………5

## I.     INTRODUCTION

Counterdefendants' Opposition ("Opp.") fails to establish that they created the design at issue, or used it with the permission of the copyright holder. Indeed, it concedes that Counterdefendants have no evidence to establish that they were authorized to use the design. Instead, Counterdefendants spend the majority of their brief noting putative technical errors in Standard Fabrics International, Inc. ("SFI")'s copyright registration. This argument fails for a number of reasons, as discussed below, and Plaintiff's other arguments fare no better.

The briefs establish that there is no triable issue of fact as to SFI's ownership of the 7851 Design (the "Subject Design"), Louise Paris' direct access to the Subject Design, and the substantial similarity between the designs at issue. This motion should be granted.

## II.    ARGUMENT

### A.    *Liability for Infringement is established.*

### 1.    *Counterdefendants fail to rebut SFI's presumption of ownership and validity*

SFI's production of the registration for the Subject Design provides a rebuttable presumption that the registration, all facts in the registration, and the deposit material submitted with the registration, are valid and correct. 17 U.S.C. §410(c).  This includes a presumption that the design is original, owned by SFI, and subject to copyright protection. Id. The presumption also applies to the deposit material, which is presumed to be sufficient. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000). The presumption shifts the burden to the infringers to prove that the registration is invalid because it was obtained by means of fraud. *Hamil America Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999); *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.1997).[1] "A party seeking to establish a fraud on the Copyright Office, and thereby rebut the presumption of copyright validity, bears a heavy burden." *Lennon v. Seaman*, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000) (internal citations omitted). Here, Counterdefendants provide not even

---

[1] "[Claimant] should not ordinarily be forced in the first instance to prove all of the multitude of facts that underline the validity of the copyright." *Carol Barnhart, Inc. v. Econ. Cover Corp*. 773 F.2d 411, 414 (2d Cir. 1985).

COUNTERCLAIMANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

a scintilla of evidence of fraud; this fails to discharge the burden necessary to rebut the presumption that the registration is valid.

      a.      *SFI's registration covers the Subject Design*

Counterdefendants' assertion that SFI failed to come forward with evidence that SFI registered the Subject Design, and thus lacks standing to sue, fails. (Opp. p. 10). The argument misplaces the burden given the presumption afforded by SFI's registration. It is Counterdefendants, not SFI, that must come forward with evidence to establish that SFI's registration does not cover the Subject Design.

SFI's moving papers included the Subject Design's copyright registration certificate and a copy of the Subject Design that SFI attests was deposited along with the registration (it is impossible to file with the Court the actual deposit material because said material is by definition deposited with the Copyright Office). Zakaria Decl.¶ 4, Ex. 1; Zakaria Reply Decl. ¶ 2. This triggered the 17 U.S.C. §410(c) presumption of ownership, and the burden shifted to Counterdefendants to prove that the Subject Design was not so deposited. They failed to do so.

Defendants' argument misplaces the burden, which is on the party challenging the registration to offer evidence of invalidity. As noted above, SFI is entitled to a presumption of ownership and validity of the facts and deposit material incorporated in the registration. As the Ninth Circuit stated in another fabric design case, *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*:

> The presumption-of-validity analysis likewise applies to the argument, pressed by Macy's, that the [design at issue] was not deposited with the United States Copyright Office. Macy's contends that "[United] bore the burden of proving that it complied with the Copyright Act in order to have standing to sue or seek damages or attorney fees." Again, Macy's skips a step. *It needs first to rebut the presumption of copyright validity with "some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement*," before it can shift the burden.

630 F.3d 1255, 1258 (emphasis added, citations omitted). *See also Dynamic Sols., Inc. v. Planning & Control, Inc.,* 646 F. Supp. 1329, 1341 (S.D.N.Y. 1986) ("Although defendants characterize plaintiff's behavior as a complete failure to deposit the source codes for which they

claim protection, it can just as easily be characterized as an [innocent] error in the dates listed on the registration form [that does not rebut the presumption of validity]." Counterdefendants failed to provide any evidence to rebut SFI's presumption.

Counterdefendants' argument that ownership is not established because the face of the registration does not provide the titles of all components of the collection (Opp. p. 10) is also meritless. Copyright registrations for group works that include an identification of the title of the group work will cover the entirety of the group and the component works so long as the copyright holder owns the component works, even if the components are not identified on the face of the registration. *Morris v. Business Concepts, Inc.,* 283 F.3d 502, 505 (2d Cir.2002) (denying rehearing and clarifying previous opinion). Here, all evidence establishes that SFI owns all component works. This argument thus fails.

Counterdefendants also challenge SFI's ownership of the Subject Design on the basis of supposed errors in SFI's registration for the design. First, ownership exists upon creation, not registration, so even if the registration was found invalid, that would only remove the presumptions. *Carol Barnhart*, 773 F.2d at 414. SFI still could, and would, establish ownership based on the other evidence in the record, all of which establishes SFI's ownership. Second, those so-called errors, if they are errors, are immaterial and do not rise to the level of fraud. Thus, the supposed errors do not allow Counterdefendants to evade liability for their infringement, as discussed below. This motion should be granted as to the issue of ownership.

   b. *The Subject Design is an original artwork.*

Again, the registration for the Subject Design provides a presumption that the design is original enough to warrant protection. *Boisson v. Banian, Ltd*., 273 F.3d 262, 268 (2d Cir.2001). Counterdefendants thus bear the burden to establish that it is not original, and they fail to do so. They cannot do so because the Subject Design is a work of independent creation by SFI, and is composed of various artistic elements created and developed by SFI.  Zakaria Reply Decl. ¶ 4.

An "original" work for purposes of copyright is simply one that is both independently

- 3 -

created, i.e., not copied. *Feist Publications. Inc. v. Rural Tel. Serv. Co., Inc*., 499 U.S. 340, 345 (1991). "[T]he requisite level of creativity is extremely low; even a slight amount will suffice" and the original selection and arrangement of even unprotectable elements is itself protectable. *Id*. at 345-348. The mandate of originality requires only independent creation, not novelty; so long as the work has not been copied, the registration is valid. *Mulberry Thai Silks, Inc. v. K & K Neckwear, Inc*., 897 F.Supp. 789, 792 (S.D.N.Y.1995). SFI's copyright registration gives rise to a presumption of originality of the Subject Design.

Counterdefendants' argument that the Subject Design lacks originality because it contains elements from the public domain is meritless. Opp 19-22. First, every artwork contains elements from the public domain, such as colors, shapes and so forth. Second, even if every element in a work is from the public domain, an artist may still protect the creative way in which she "selected, coordinated, and arranged" the elements of her work. *Knitwaves, Inc. v. Lollytogs* Ltd., 71 F.3d 996, 1003-04 (2d Cir. 1995). SFI empoloyed designs it had created, which were owned by SFI – Design 7804, 6450, 4002, and a Bernini Studio s.r.l. work – to create the Subject Design. Statement of Undisputed Facts ("SUF"), ¶¶ 10, 15-16. SFI also produced the Bernini assignment, in which Bernini represents the design as "original works of expression that, when taken as a whole, have sufficient originality and creativity to be entitled to copyright protection." Zakaria Reply Decl. ¶3, Ex. 15. Counterdefendants, in contrast, have proffered no evidence that the Subject Design was copied from the public domain, and have thus failed to carry their burden.

Counterdefendants, cognizant of their failure to provide any evidence to disprove the Subject Design's originality, resort to arguing that the design is similar to "prevalent" fashion designs. Opp. p. 8. This argument is wholly without merit, as SFI does not seek protection for all designs that employ chevrons, they seek to protect only the design at issue here. In any event, "[t]he common practice of defendants at trial in pointing out a similar work created in antiquity, or at least prior to the defendant's creation is of no assistance unless the trier of fact believes that

the defendant copied from such work." *Novelty Textile Mills v. Joan Fabrics Corp.*, 558 F.2d 1090, 1093 n. 3 (2d Cir. 1977), quoting NIMMER § 101.6 at 381-382 (1976). Here, Louise Paris concedes that it copied SFI's design, and has failed to establish that SFI copied its design from the public domain. As such, any reference to prior works is of "no assistance" to Counterdefendants. The originality of the Subject Design is established.

       c.       *The "errors" in the registration do not rebut the presumption of validity.*

Counterdefendants' argue at length about certain minor, potential errors in SFI's registration. None of these arguments are valid. A registration will be invalidated only when the challenging party establishes that the registration contains inaccurate information, *and* "the inaccurate information was included [...] with knowledge that it was inaccurate" *and* "the inaccuracy [...] if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. §411(b)(1) (the "Pro-IP Act"); see also *Eckes v. Card Prices Update*, 736 F.2d 859, 861–62 (2d Cir.1984)(showing of fraud and prejudice required to invalidate); *Lennon* 84 F. Supp. 2d at 525 (same).[2] Here, there is no evidence that SFI knew any data on the registration was inaccurate at the time the application was submitted, or that the Register would have rejected the registration based on any inaccuracy.

One seeking to rebut the presumption bears the "heavy burden" of establishing fraud on the Copyright Office. *Lennon*, 84 F. Supp. 2d at 525. Counterdefendants fail to carry this burden.

The "errors" at issue here are harmless, and insufficient to rebut the presumption. *See e.g. Jedson Eng'g, Inc. v. Spirit Constr. Servs.*, 720 F. Supp. 2d 904, 914 (S.D. Ohio 2010) ("Defendants have also done little to identify material misstatements which go toward registrability. *Specifically, Defendants have not explained how the publication date or the classification of "work for hire" have an effect on registrability...*") (emphasis added); *Malibu Textiles, Inc. v. Carol Anderson, Inc.*, No. 07 CIV. 4780 (SAS), 2008 WL 2676356, at *6

---

[2]Under the plain language of the PRO-IP Act, even if this Court finds fraud going to registrability, then it "shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. §411(b)(1).

COUNTERCLAIMANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

(S.D.N.Y. July 8, 2008) (no indication that mistaken designation of designs as "works for hire" were fraudulent, thus presumption not rebutted); *Sunham Home Fashions, LLC v. Pern-America, Inc*., No. 02 Civ. 6284, 2002 WL 31834477, at *5 (S.D.N.Y. Dec. 17, 2002) (mistaken designation of "work for hire" on registration failed to rebut presumption where there was no proof of intent to defraud the copyright office); and *Dynamic Sols*., 646 F. Supp. at 1341 (innocent errors in dates on registration found not to abrogate the presumption of validity).

Counterdefendants' reliance on the publication date "error" is also misplaced, as "it is now the law that minor discrepancies between the actual date of publication and that stated in the registration application form or notice of copyright will not preclude copyright protection, so long as the difference between the dates is less than one year." *First Am. Artificial Flowers, Inc. v. Joseph Markovits Inc*., 342 F. Supp. 178, 183 (S.D.N.Y. 1972) (citations omitted). The minor publication date misstatement in SFI's registration, of less than one year, does not invalidate the registration or rebut SFI's presumption of validity.[3]

Counterdefendants fail to show fraud, prejudice as a result of the purported fraud, or that the supposed fraudulent registration entries would have precluded registration. There is no such evidence. SFI's records and testimony soundly establish that it registered the Subject Design in good faith, to the best of its ability, and had no intent to defraud. Burroughs Reply Decl. ¶1, Ex. 16, Zakaria Reply Decl. ¶¶ 5-7. Indeed, the "errors" cited by Counterdefendants do not provide any real benefit to SFI, and there is no motivation to engage in any sharp registration tactics.

Notably, the publication date issue is one for which an "approximate" date is all that is required. U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 101, 612.7(F) (3d ed. 2014). And, Turia Ostling, the artist who created the work, does not dispute that

---

[3] The unreported case *Lapham v. Porach*, No. 06-CIV-6861CM, 2007 WL 1224924, (S.D.N.Y. Apr. 25, 2007) is also distinguishable from this case. In that case, the Plaintiff admitted that it created and published the work at issue *35 years* before the date provided on the work's registration, without alleging any erroneous entry in the registration. *Id*. at *4. The plaintiff also failed entirely to submit a copy of the work. Id. Indeed, the plaintiff's allegations and record were so unclear that the court admittedly had to do "some guesswork" as to what was registered and allegedly infringed. *Id*. at n. 3. In this case, the Subject Design deposited has been produced, as have records reflecting its creation and publication, and SFI's date of publication was incorrect by around a month.

the work is owned by SFI, even if it is unclear whether that ownership arises via the work-for-hire doctrine. Finally, as SFI owned all of the underlying works used to develop the Subject Design, there was no apparent basis to establish as much on the registration. If any of the material had been owned by other parties, SFI would have disclosed same, as that effects the ownership. Here, though SFI owned the underlying works as well.

Furthermore, courts have found that even if a party has violated a provision in the Copyright Compendium, if that error can be corrected by a supplemental filing, then the error does not invalidate the registration. *Wales Indus. v. Hasbro Bradley, Inc*., 612 F. Supp. 510, 515 (S.D.N.Y. 1985); 17 U.S.C. § 408(d). Indeed, that is what happened in *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc*.:

> The Copyright Office has indicated that UFI's Supplemental Registration Form CA is sufficient to cure the deficiency identified by the previous orders of the Court, pursuant to an exception to the written rule on which the court relied. This exception is apparently routinely applied by the Copyright Office, [...] Therefore, I reinstate the claim.

896 F. Supp. 2d 223, 230 (S.D.N.Y. 2012)  11-CV-2574 CM (JCF) (S.D.N.Y.) *Dkt*. No. 73 (Order Reinstating Claim), p. 1 (internal citations omitted); Burroughs Reply Decl., ¶ 4, Ex. 19. SFI has filed a Form CA to cure the innocent mistakes in the Subject Design's registration. Burroughs Reply Decl. ¶ 2, Ex. 17. Because the misstatements in SFI's registration are curable, SFI must at least be afforded opportunity to correct the mistakes in the registration.

Counterdefendants failed to meet their lofty burden of proving that SFI committed prejudicial fraud on the copyright office and that the putative fraud would have affected registrability. Because Counterdefendants fail to rebut SFI's presumption, and the minor putative errors in the registration are curable nonetheless, SFI's ownership is established.

d.      *Divesting copyrights due to technical errors in the registration is disfavored*

Even if the mistakes in the registration are found to be material, SFI's registration must not be invalidated, because divesting rights as a result of technicalities, as is advocated by Counterdefendants, is highly disfavored.

The presumption against invalidating a registration is so strong that, even where the name

of the copyright claimant was incorrect, the infringing action was permitted to go forward. *Bourne Co. v. Walt Disney Co.*, 1992 WL 489766 (S.D.N.Y. 1992), aff'd on other grounds, 68 F.3d 621 (2d Cir. 1995), cert. denied, 517 U.S. 1240 (1996). See also NIMMER, § 9.05[D][1] (favorably citing *Bourne* for refusing to cause a forfeiture of copyright based on "useless technicalities"). In numerous other cases, the copyright claims have been allowed to proceed despite material registration mistakes. *See, e.g., Thomas Wilson & Co. v. Irving J. Dorfman Co*., 433F.2d409 (2d. Cir.1970) (listing president of corporation as author of the work instead of the corporation itself); *Testa v. Janssen*, 492 F. Supp. 198 (D.C. Pa. 1980) (erroneously listing author's assignee as author); *Wales Indus. v. Hasbro Bradley, Inc*., 612 F. Supp. 510 (S.D.N.Y. 1985), overruled on other grounds, *Hasbro Bradley, Inc. v. Sparkle Toys, Inc*., 780 F.2d 189 (2d Cir. 1985) (listing copyright claimant the exclusive licensee instead of owner).[4]

SFI must, at minimum, be allowed to cure the mistakes in its registration, as opposed to having its rights invalidated due to the useless technicalities highlighted by Counterdefendants.

### 2.     *Counterdefendants copied the Subject Design*

There is no triable issue concerning Counterdefendants' liability for copying.

The evidence establishes that Louise Paris had direct access to SFI's line of designs, including the Subject Design,[5] and took direct access to the Subject Design when it purchased and copied from the Wet Seal dress used as "inspiration" for the infringing design. SUF 53, Demelo Decl., ¶ 6. Counterdefendants do not contest these facts, thus access is established. *Green v. Doukas,* No. 97 CIV.8288CMGAY, 2001 WL 767069, at *8 (S.D.N.Y. June 22, 2001); Local Rule 7056–1(d).

---

[4] See also NIMMER, § 7.20[B] ("The courts generally have been most lenient...with respect to any innocent error contained in an application"); PAUL GOLDSTEIN, 1 COPYRIGHT § 3.12.3, at 345 (1989) ("Courts have excused innocent errors or omissions affecting virtually every material aspect of a copyright registration application.").
[5] Joseph Barnathan now submits a declaration that Louise Paris didn't access SFI's swatch and didn't change the design on the Wet Seal dress. Barnathan Declaration ¶¶ 4-7. This directly contradicts his prior testimony and should be disregarded. "[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996), *citing Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir.1969) *see also Neidich v. Estate of Neidich*, 222 F. Supp. 2d 357, 368 (S.D.N.Y. 2002).

COUNTERCLAIMANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

The issue of substantial similarity is reviewed under the ordinary observer test, which queries whether the average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work. *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 100 (2d Cir. 1999) (affirming that it was correct to apply ordinary observer test to original fabric design). Designs comprised of arrangements of common geometric forms such as squares and circles are examined under this standard. *Cameron Indus., Inc. v. Mother's Work, Inc*., 338 F. App'x 69, 71 (2d Cir. 2009).[6] Original textile designs such as the Subject Design are examined under this test. *See e.g., Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487 (2d Cir. 1960).

As illustrated in SFI's motion and exhibits to the motion, Louise Paris' design was copied from SFI's design: it is a virtually-identical knock-off. Burroughs Decl. ¶ 6. The small, non-substantive, superficial differences cited by Counterdefendants do not allow Counterdefendants to evade liability; indeed, they establish the willful nature of the copying because the fact they were made proves that Louise Paris knew the work to be subject to copyright protection. *Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.*, 409 F.2d 1315, 1316 (2d Cir. 1969) (superficial differences not sufficient to evade liability, and "the very nature of [minor differences between designs] only tends to *emphasize the extent to which the defendant has deliberately copied* from the plaintiff.") (emphasis added). Burroughs Decl. ¶ 6, SFI's Motion ("MSJ") pp. 11-12.

In any event, "no plagiarist can excuse the wrong by showing how much of his work he did not pirate." *Sheldon v. Metro–Goldwyn Pictures Corp*., 81 F.2d 49, 56 (2d Cir.1936) (Hand, J.). Counterdefendants' attempts to do so are misguided. The average lay observer would find copying, and this issue is ripe for summary adjudication.

    B.    *Louise Paris is liable for willful copyright infringement*

Louise Paris, a sophisticated market participant that has been involved in numerous

---

[6] The *Hamil Am. Inc.* court clarified that the "more discerning" test as used in *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 766 (2d Cir. 1991) was not applied to basic elements, but was applied in that case because the plaintiff admitted to using a background for the design taken from the public domain. 193 F.3d 92 at 101.

- 9 -

copyright infringement suits, claims to be unaware that copying a garment it finds in a store is a violation of copyright.[7] This unbelievable claim is belied by Louise Paris's statements that it modifies the designs it steals to be "different enough" to evade liability. At the very least, it is willful blindness. "The principle that willful blindness is tantamount to knowledge is hardly novel." *Tiffany (NJ) Inc. v. eBay, Inc*., 600 F.3d 93, 110 n. 16 (2d Cir.2010) (collecting 35 cases). One is "willfully blind" or engages in "conscious avoidance" amounting to knowledge where one "'was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.'" *Viacom Intern., Inc. v. YouTube, Inc*., 676 F.3d 19 (2d Cir. 2012) (citations omitted).

Louise Paris was at least willfully blind to the possibility of committing copyright infringement when it deliberately copied a design featured on a dress already being sold at a Wet Seal store after having received samples and a fabric swatch of *the same design* directly from SFI. Furthermore, SFI's samples and communications included representations that the design was copyrighted and proprietary to SFI. SUF ¶¶ 5-6. Louise Paris' bizarre claim to have a "strict 'no copying policy'" and impeccable reputation as a result of its "continual creation of original designs [...]" (Opp. p. 3) is refuted by its admission of copying here and similar admissions in other cases, which illustrate its pattern and practice of copying fabric designs. SUF ¶53, Burroughs Reply Decl. ¶ 3, Ex. 18. By copying a design that it knew or should have known was copyrighted, and owned by SFI, Louise Paris committed willful infringement.

## III. CONCLUSION

SFI respectfully requests that the Court grant its motion for summary adjudication.

Respectfully submitted,

March 8, 2016          By:   /s/ Michael D. Steger
                             Michael D. Steger (MS2009)

---

[7] While Louise Paris has settled many of the numerous claims of infringement they have faced, that does nothing to affect the fact that these cases put Louise Paris on notice that their shop-and-copy model violated copyright law.

- 10 -

COUNTERCLAIMANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March, 2016, I served a true and correct copy of Defendant and Counterclaimant Standard Fabrics International, Inc.'s Reply Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment electronically on counsel for Counterdefendants via ECF.


By:   /s/ Michael D. Steger_____
       Michael D. Steger