EXHIBIT 18

ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

LOUIS S. EDERER (*Pro Hac Vice*)
Louis.Ederer@aporter.com
MATTHEW T. SALZMANN (*Pro Hac Vice*)
Matthew.Salzmann@aporter.com
LAURA W. TEJEDA (*Pro Hac Vice*)
Laura.Tejeda@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 715-1000
Facsimile: (212) 715-1399

*Attorneys for Defendants*
*Louise Paris, Ltd. and Rainbow USA, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC., a California corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>LOUISE PARIS, LTD., a New York limited liability company; RAINBOW USA, INC., a New York Corporation; DOES 1-10, inclusive,<br><br>      Defendants. | Case No.: CV15-03495 (PSG) (FFMx)<br><br>Hon. Philip S. Gutierrez<br><br>**LOUISE PARIS, LTD.'S RESPONSES AND OBJECTIONS TO STANDARD FABRICS INTERNATIONAL, INC.'S FIRST SET OF INTERROGATORIES** |

Defendant Louise Paris, Ltd. ("Louise Paris"), by and through its undersigned attorneys, hereby responds to Plaintiff Standard Fabrics International, Inc. ("Plaintiff")'s First Set of Interrogatories (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

Louise Paris makes the following General Objections to Plaintiff's Interrogatories, which apply to each Interrogatory regardless of whether the General Objections are expressly incorporated into the specific objections below:

1. Louise Paris objects to the Interrogatories to the extent they seek to impose obligations that exceed those under the Federal Rules of Civil Procedure or the Local Civil Rules.

2. Louise Paris objects to the Interrogatories on the basis that they contain multiple discrete sub-parts and therefore exceed the number of interrogatories permitted under Federal Rule of Civil Procedure 33(a)(1).

3. Louise Paris objects to the Interrogatories to the extent that they may unfairly seek to restrict the facts Louise Paris may rely on at trial, or to the extent that they require Louise Paris to analyze or formulate contentions on matters for which Louise Paris' investigation and discovery have not yet been completed. Since discovery has not been completed, Louise Paris is not yet necessarily in possession of all the facts and documents upon which Louise Paris intends to rely. Louise Paris reserves the right to supplement, amend, or modify these responses at a future date.

4. Louise Paris objects to the Interrogatories to the extent they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. To the extent that Louise Paris responds to these Interrogatories, it does not concede that the information sought or disclosed is relevant to this litigation.

5. Louise Paris objects to the Interrogatories to the extent they are vague, overly broad or unduly burdensome.

6. Louise Paris objects to the Interrogatories to the extent they seek

information that is privileged or exempt from discovery under the attorney-client privilege, work product doctrine, or other privilege or exemption under applicable law. Louise Paris does not waive, and intends to preserve, and is preserving all applicable privileges or protections with respect to any information protected by such a privilege or protection. In the event that any privileged or protected information is disclosed, such disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

7. Louise Paris objects to the Interrogatories to the extent that they fail to specify a relevant time period. The absence of a limited time period makes these Interrogatories overly broad and unduly burdensome in scope.

8. Louise Paris' responses to the Interrogatories are made to the best of Louise Paris' present knowledge, information and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Louise Paris' recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Louise Paris' further discovery or investigation. Louise Paris reserves the right to make use of, or to introduce at any hearing or trial, information responsive to the Interrogatories but discovered subsequent to the date of these responses, including, but not limited to, any such information obtained in discovery herein.

9. Louise Paris objects to the Interrogatories on the basis that fact discovery is ongoing, and expressly reserves the right to amend its responses to the Interrogatories if and when additional information becomes available.

10. Louise Paris preserves its objections as to the competency, relevance, materiality, privilege and admissibility of any information provided in response to these Interrogatories. Louise Paris also expressly reserves the right to object to further discovery into the subject matter of the Interrogatories and to the introduction into of evidence of any responses to the Interrogatories.

11. Louise Paris' responses to the Interrogatories shall not be interpreted to concede the truth of any factual assertion or implication contained in the Interrogatories.

12. Louise Paris objects to the Interrogatories to the extent that they seek information set forth in documents that are outside Louise Paris' possession, custody or control.

13. Louise Paris objects to the Interrogatories to the extent that they seek information that Plaintiff equally may otherwise obtain from public sources or with less burden and expense by using other means of discovery.

14. Louise Paris objects to the Interrogatories to the extent that they are cumulative, duplicative, repetitive, or overlapping.

15. Louise Paris reserves the right to object on any ground at any time to such other or supplemental interrogatories as Plaintiff may propound involving or relating to the subject matter of these Interrogatories.

16. Louise Paris objects to the defined terms "Identify" and "Identity" on the grounds that it is overly broad and unduly burdensome.

17. Louise Paris objects to the use of the defined term "Subject Product" on the grounds that it is vague and ambiguous and purports to require Louise Paris to make a legal conclusion as to what may or may not be "substantially similar" to the "Subject Design".

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all witnesses with knowledge or information concerning YOUR obtainment or creation of SUBJECT DESIGNS and/or purchase, distribution, or sale of SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 1:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis

that the terms "obtainment", "creation" and "witnesses" are vague and ambiguous as used therein. Louise Paris further objects to this Interrogatory on the basis that it is overly broad and unduly burdensome in scope in that it seeks the identification of "all witnesses" with knowledge or information concerning Louise Paris' "obtainment or creation" of the "Subject Designs" and/or the "purchase, distribution, or sale" of "Subject Product". Louise Paris further objects to this Interrogatory on the basis that it contains multiple discrete sub-parts that render Plaintiff's total Interrogatories in excess of the twenty-five (25) interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Louise Paris identifies the following individuals: Melissa Tomala, Designer, Louise Paris, Ltd.; and Serkan Ozgun, Controller-Accounting Department, Louise Paris, Ltd. Ms. Velazquez and Mr. Ozgun may be contacted through Louise Paris' undersigned counsel.

**INTERROGATORY NO. 2:**

Describe in detail how YOU developed SUBJECT DESIGNS, including without limitation the date on which YOU developed SUBJECT DESIGNS, the INDENTIFYing the PERSON(s) involved in the development of the design, and the specific steps that were taken to develop SUBJECT DESIGNS.

**RESPONSE TO INTERROGATORY NO. 2:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the terms and/or phrases "describe in detail", "develop", "developed", "development", and "specific steps" are vague and ambiguous as used therein. Louise Paris further objects to this Interrogatory on the basis that it contains multiple discrete sub-parts that render Plaintiff's total Interrogatories in excess of the twenty-five (25) interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Louise Paris states that its in-house team of designers, including Melissa Tomala, created the Subject Designs, and that such designers used certain prints found on third-party garments as inspiration in creating the Subject Designs.

**INTERROGATORY NO. 3:**

Describe in detail the manner in which YOU obtained SUBJECT DESIGNS, including without limitation, the date on which YOU received the design, the identity of the PERSON(s) that provided the design to YOU, and any and all representations that were made in regard to ownership or authorization to use SUBJECT DESIGNS

**RESPONSE TO INTERROGATORY NO. 3:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the term "obtained" is vague and ambiguous as used therein. Defendant further objects to this Interrogatory on the basis that it contains multiple discrete sub-parts that render Plaintiff's total Interrogatories in excess of the twenty-five (25) interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Louise Paris refers to its response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Describe YOUR purchase of any and all SUBJECT PRODUCT, indicating the dates on which YOU purchased SUBJECT PRODUCT, how much YOU paid for SUBJECT PRODUCT, how many units or yards of SUBJECT PRODUCT YOU purchased, and IDENTIFY the PERSON(s) that provided SUBJECT PRODUCT to YOU.

**RESPONSE TO INTERROGATORY NO. 4:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the term "describe" is vague and ambiguous as used therein. Louise Paris further

objects to this Interrogatory to the extent it seeks confidential information of Louise Paris or its business partners. Louise Paris further objects to this Interrogatory on the basis that it contains multiple discrete sub-parts that render Plaintiff's total Interrogatories in excess of the twenty-five (25) interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Louise Paris states that it will produce non-privileged documents, pursuant to Federal Rule of Civil Procedure 33(d), from which the Answer to this Interrogatory may be determined, following the entry of an appropriate protective order.

**INTERROGATORY NO. 5:**

Describe in detail the instances in which YOU approved samples of SUBJECT PRODUCT, including without limitation, the date on which YOU received the samples, YOUR feedback in regard to same, the response to YOUR feedback, and the revisions that were made to SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 5:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the terms and/or phrases "describe in detail", "approved samples", "feedback" and "revisions" are vague and ambiguous as used therein. Louise Paris further objects to this Interrogatory on the basis that it contains multiple discrete sub-parts that render Plaintiff's total Interrogatories in excess of the twenty-five (25) interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1). Louise Paris further objects to this Interrogatory on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as Plaintiff's claim relate to the "Subject Designs" that appear on the "Subject Products", and not the "Subject Products" themselves.

Subject to and without waiving the foregoing objections, Louise Paris states that it is unaware of its receipt of any samples of "Subject Products" bearing the "Subject Designs".

**INTERROGATORY NO. 6:**

IDENTIFY any and all PERSON(s) who allege to have independently created or otherwise have rights in SUBJECT DESIGNS, and detail the grounds for any such assertion, including the date of any alleged independent creation.

**RESPONSE TO INTERROGATORY NO. 6:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the phrases "independently created or otherwise have rights in" and "independent creation" are vague and ambiguous as used therein. Louise Paris further objects to this Interrogatory on the basis that it calls for a legal conclusion. Louise Paris further objects to this Interrogatory on the basis that it contains multiple discrete sub-parts that render Plaintiff's total Interrogatories in excess of the twenty-five (25) interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, refers to its response to Interrogatory No. 2.

**INTERROGATORY NO. 7:**

Describe any and all agreement(s), which may include, but are not limited to, licenses, assignments, or work-for-hire agreement(s), that YOU allege provide YOU with the right to use SUBJECT DESIGNS in commerce, including without limitation, by IDENTIFYing the parties to the agreement(s), stating the date(s) on which YOU entered into the agreement(s), and, stating what consideration was tendered in connection with the agreement(s).

**RESPONSE TO INTERROGATORY NO. 7:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis

that the term "describe" is vague and ambiguous as used therein. Louise Paris further objects to this Interrogatory on the basis that it improperly implies that Louise Paris required the authorization, permission or consent of any party to purchase and sell garments bearing the "Subject Designs". Louise Paris further objects to this Interrogatory on the basis that it contains multiple discrete sub-parts that render Plaintiff's total Interrogatories in excess of the twenty-five (25) interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Louise Paris states that it unaware of the existence of any responsive agreements, and further states that it does not believe that any such agreement was or is required for it to use the "Subject Designs" that its team of in-house designers created.

**INTERROGATORY NO. 8:**

Detail YOUR sales(s) of SUBJECT PRODUCT, indicating the dates on which YOU sold SUBJECT PRODUCT, the amount of SUBJECT PRODUCT YOU sold, and IDENTIFY all PERSON(s) to which YOU sold SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 8:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the term "detail" is vague and ambiguous as used therein. Louise Paris further objects to this Interrogatory on the basis that it contains multiple discrete sub-parts that render Plaintiff's total Interrogatories in excess of the twenty-five (25) interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Louise Paris provides the following details regarding its sales of "Subject Product":

| Date of Customer PO | Number of Units | Customer |
| --- | --- | --- |
| October 23, 2014 | 1,800 | Rainbow USA, Inc. ("Rainbow) |
| October 28, 2014 | 2,400 | Rainbow |
| February 18, 2015 | 1,116 | Rainbow |
| March 20, 2015 | 210 | Rainbow |

**INTERROGATORY NO. 9:**

State any and all different garment types (i.e. skirts, blouses, shirts, etc.) that YOU have manufactured and/or sold which incorporate SUBJECT DESIGN.

**RESPONSE TO INTERROGATORY NO. 9:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the phrase "garment types" is vague and ambiguous as used therein. Louise Paris further objects to this Interrogatory on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Louise Paris states that it has sold "shorts" and "pants" that bear the "Subject Designs".

**INTERROGATORY NO. 10:**

State all colorways in which YOU sold SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 10:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the term "colorways" is vague and ambiguous as used therein. Louise Paris further objects to this Interrogatory on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Louise Paris states that it sold the "Subject Products" in the following colorways: "Violet Multi"; "Aqua Tribal"; and "Aqua Taupe".

**INTERROGATORY NO. 11:**

Provide all SKU numbers and/or style numbers that YOU used to identify SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 11:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein.

Subject to and without waiving the foregoing objections, Louise Paris states that it used the following style numbers to identify the "Subject Products": 93066J11EFGPKR; 51348J11EVCPKS; 51348J11PVCPKS; and 51348M11PVCPKS.

**INTERROGATORY NO. 12:**

State the period of time in which YOU were selling SUBJECT PRODUCT, including without limitation, the date on which YOU first made a sale of SUBJECT PRODUCT, and the date on which YOU made YOUR last sale of SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 12:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that it contains multiple discrete sub-parts that render Plaintiff's total Interrogatories in excess of the twenty-five (25) interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Louise Paris states that it received its first order for "Subject Products" on October 23, 2014, and that it sent its last invoice in connection with its sale of "Subject Product" on March 23, 2015.

**INTERROGATORY NO. 13:**

State each and every price point at which YOU sold SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 13:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the phrase "price point" is vague and ambiguous as used therein. Louise Paris

further objects to this Interrogatory on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Louise Paris states as follows: 93066J11EFGPKR ($5.75 per unit); 51348J11EVCPKS ($3.50 per unit); 51348J11PVCPKS ($3.50 per unit); and 51348M11PVCPKS ($4.00 per unit).

**INTERROGATORY NO. 14:**

Provide the total revenues derived by YOU from the sale of SUBJECT PRODUCT, indicating the amount paid by each customer for SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 14:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the phrase "total revenues" is vague and ambiguous as used therein. Louise Paris further objects to this Interrogatory on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Louise Paris states that it will produce non-privileged documents, pursuant to Federal Rule of Civil Procedure 33(d), from which the Answer to this Interrogatory may be determined, following the entry of an appropriate protective order.

**INTERROGATORY NO. 15:**

Detail and describe how and why the profits that resulted from YOUR sale of SUBJECT PRODUCT should be apportioned among factors other than SUBJECT DESIGN, providing all bases for the apportionment, indicating a numerical value in connection with any factors other than SUBJECT DESIGNS that YOU believe resulted in sales of SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 15:**

Louise Paris incorporates by reference the above-stated General Objections as

if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the phrase "detail and describe" is vague and ambiguous as used therein. Louise Paris further objects on the grounds that this Interrogatory is grossly premature, in that Plaintiff has not yet established that it actually owns any protectable interest in or to "Plaintiff's Designs" or that the "Subject Designs" infringe upon any such rights, and discovery has just commenced. Louise Paris further objects to this Interrogatory on the basis that it contains multiple discrete sub-parts that render Plaintiff's total Interrogatories in excess of the twenty-five (25) interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Louise Paris states that it anticipates that discovery will establish that the "Subject Designs" were just one of many factors that contributed to the sale of "Subject Products" (each of which was sold in an assortment of designs, only one of which is alleged to infringe Plaintiff's Designs), including, without limitation, the cut or style of the "Subject Products", the brand name(s) under which the "Subject Products" were offered for sale and sold, and the price point at which the "Subject Product" were offered for sale.

**INTERROGATORY NO. 16:**

IDENTIFY each and every deductible expense that YOU incurred in selling SUBJECT PRODUCT by stating (a) the nature of the expense, (b) the amount of the expense, (c) to whom the expense was incurred, (d) how the expense relates to the sale of SUBJECT PRODUCT, (e) when and how the expense was paid for, and (f) identifying what DOCUMENTS exist that show or reflect each specific expense.

**RESPONSE TO INTERROGATORY NO. 16:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information relating to "how" an

expense was paid, among other things. Louise Paris further objects to this Interrogatory on the basis that it contains multiple discrete sub-parts that render Plaintiff's total Interrogatories in excess of the twenty-five (25) interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Louise Paris states that, pursuant to Federal Rule of Civil Procedure 33(d), it will produce documents sufficient to identify the information requested by this Interrogatory, following the entry of an appropriate protective order.

**INTERROGATORY NO. 17:**

IDENTIFY all PERSONs, including but not limited to any and all printing mills, textile factories, and sewing houses, which were in any way involved in manufacturing SUBJECT PRODUCT into finished products such as garments and detail the involvement of each PERSON.

**RESPONSE TO INTERROGATORY NO. 17:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the term and/or phrase "detail" and "in any way involved" are vague and ambiguous as used therein. Louise Paris further objects to this Interrogatory on the basis that it contains multiple discrete sub-parts that render Plaintiff's total Interrogatories in excess of the twenty-five (25) interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving the foregoing objections, Louise Paris states that, pursuant to Federal Rule of Civil Procedure 33(d), it will produce documents sufficient to identify the information requested by this Interrogatory, following the entry of an appropriate protective order.

**INTERROGATORY NO. 18:**

IDENTIFY all piece good vendors, fabric suppliers, manufacturers, mills, design houses, and converters, both domestic and international that have provided

YOU sample production fabric or sample garments over the past five (5) years.

**RESPONSE TO INTERROGATORY NO. 18:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information relating to any "sample production fabric" or "sample garments", and is not limited to the "Subject Designs" that are the subject of this action.

**INTERROGATORY NO. 19:**

IDENTIFY and describe any and all textile designs that YOU allege are substantially similar to PLAINTIFF'S DESIGNS and pre-date PLAINTIFF'S DESIGNS, including without limitation the source for said designs and the alleged date such designs were created.

**RESPONSE TO INTERROGATORY NO. 19:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the term "describe" is vague and ambiguous as used therein. Louise Paris further objects to this Interrogatory to the extent it calls for a legal conclusion. Louise Paris further objects to this Interrogatory on the basis that Plaintiff has not disclosed information necessary for Louise Paris to be in a position to respond to this Interrogatory, in that Plaintiff has not identified the purported creation date of "Plaintiff's Designs".

Subject to and without waiving the foregoing objections, Louise Paris states that it is not aware of any designs, including, without limitation, the "Subject Designs" that are "substantially similar" to "Plaintiff's Designs".

**INTERROGATORY NO. 20:**

State the amount or number of units or yards of SUBJECT PRODUCT that YOU currently have in YOUR possession, custody or control.

**RESPONSE TO INTERROGATORY NO. 20:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that it is incomprehensible, as the "Subject Product" does not come in yards.

Subject to and without waiving the foregoing objections, Louise Paris states that, pursuant to Federal Rule of Civil Procedure 33(d), it will produce documents sufficient to identify the information requested by this Interrogatory, following the entry of an appropriate protective order.

**INTERROGATORY NO. 21:**

Describe all steps taken by YOU when YOU received notice of the allegations of infringement at issue in this case to investigate or remedy the alleged infringement, including without limitation, IDENTIFYing any and all PERSONs that YOU contacted as part of YOUR investigation.

**RESPONSE TO INTERROGATORY NO. 21:**

Louise Paris incorporates by reference the above-stated General Objections as if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis that the terms and/or phrases "describe" and "all steps taken" are vague and ambiguous as used therein. Louise Paris further objects to this Interrogatory on the basis that it improperly assumes that Louise Paris engaged in any conduct that required remedial action. Louise Paris further objects to this Interrogatory on the basis that it seeks information that is privileged or exempt from discovery under the attorney-client privilege, work product doctrine, or other privilege or exemption under applicable law.

Subject to and without waiving the foregoing objections, Louise Paris states that it referred the matter to outside counsel.

**INTERROGATORY NO. 22:**

Describe all instances in which YOU have been accused of copyright infringement, either through a written cease and desist letter, or the filing of a civil

1  action, in the last five (5) years, including without limitation the number of times
2  YOU have been so accused, the date of the notice received by YOU of alleged
3  infringement, the disposition of the allegations, and by IDENTIFYing the party
4  making the allegations.

5  **RESPONSE TO INTERROGATORY NO. 22:**

6       Louise Paris incorporates by reference the above-stated General Objections as
7  if fully set forth herein. Louise Paris further objects to this Interrogatory on the basis
8  that the term "describe" is vague and ambiguous as used therein. Louise Paris further
9  objects to this Interrogatory on the basis that it seeks information that is not relevant
10 or reasonably calculated to lead to the discovery of admissible evidence, as third-
11 party accusations of infringement are irrelevant to Plaintiff's claims.

13 Dated: August 31, 2015                             ARNOLD & PORTER LLP

15                                                   By: /s/ Matthew Salzmann
16                                                   ERIC D. MASON
                                                     LOUIS S. EDERER
17                                                   MATTHEW T. SALZMANN
                                                     LAURA W. TEJEDA

19                                                   *Attorneys for Defendants*
                                                     *Louise Paris, Ltd. and*
20                                                   *Rainbow USA, Inc.*

## Verification for Defendant Louise Paris, Ltd.'s Responses to Plaintiff Standard Fabrics International, Inc.'s First Set of Interrogatories

I, Joseph Barnathan, declare:

I am the Vice President of Louise Paris, Ltd., a defendant in the above-entitled action, and I am authorized to make this verification on its behalf.

I have read the foregoing responses contained in **LOUISE PARIS, LTD.'S RESPONSES AND OBJECTIONS TO STANDARD FABRICS INTERNATIONAL, INC.'S FIRST SET OF INTERROGATORIES** and know the contents thereof. Because the matters stated in the document identified above are a corporate response, such matters are not all necessarily within my personal knowledge or within the personal knowledge of any single individual.

Subject to these limitations, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed in New York, New York, on this 26th day of August, 2015.

_____
Joseph Barnathan

# CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2015, I served the foregoing **LOUISE PARIS, LTD.'S RESPONSES AND OBJECTIONS TO STANDARD FABRICS INTERNATIONAL, INC.'S FIRST SET OF INTERROGATORIES** on counsel the following counsel of record for Plaintiff by U.S. Mail:

Stephen M. Doniger, Esq.
Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291

_____
Matthew T. Salzmann