UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LOUISE PARIS, LTD. and RAINBOW
USA, INC.,

                            Plaintiffs,                    15 Civ. 3250 (PKC)

        -against-                                          MEMORANDUM
                                                                         AND ORDER

STANDARD FABRICS INTERNATIONAL, INC.,

                            Defendant.
-----------------------------------------------------------------x
STANDARD FABRICS INTERNATIONAL, INC.,

                            Counterclaim-Plaintiff,

        -against-

LOUISE PARIS, LTD. and RAINBOW USA, INC.,

                            Counterclaim-Defendants,

-----------------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.:

        Plaintiffs Louise Paris, LTD ("Louise Paris"), a wholesale supplier of garments, and Rainbow USA, Inc. ("Rainbow"), a retail apparel company, brought an action seeking a declaratory judgment that they have not produced and sold garments that infringe defendant textile company Standard Fabrics International, Inc.'s ("SFI") purported copyright in a fabric design—Design #7851.  In its Answer, SFI filed counterclaims against Louise Paris and Rainbow for copyright infringement pursuant to 17 U.S.C § 101, *et. seq.* alleging that Louise Paris and Rainbow did create and sell garments that unlawfully copied SFI's Design #7851, which allegedly is protected by a

copyright for a work entitled "Spring Summer 2014, Collection 1." SFI now moves for summary judgment on its infringement counterclaims pursuant to Rule 56, Fed. R. Civ. P. Louise Paris and Rainbow oppose summary judgment on grounds that SFI has failed to show that it has valid ownership of a copyright covering Design #7851 or that Louise Paris and Rainbow created and sold garments that look "substantially similar" to Design #7851. Because there are triable issues of fact regarding whether Design #7851 is covered by SFI's copyright in the "Spring Summer 2014, Collection 1," SFI's motion for summary judgment is denied.

BACKGROUND.

SFI is a Los Angeles-based textile company engaged in the business of creating and selling fabric designs. (Counterclaim-Defendants Counterstatement of Material Facts ("CD 56.1") ¶¶1-2). Louise Paris is a New York City-based apparel company that produces its own garments, which it then sells to retailers such as Sears and Aeropostale. (CD 56.1 ¶ 60). Like SFI, Louise Paris also creates "original" fabric designs inspired by current fashion industry trends. (CD 56.1 ¶ 61). In this case, SFI alleges that Louise Paris created and sold several garments featuring a fabric design—the Accused Design—that was an unlawful copy of SFI's own copyrighted fabric design—Design #7851.

It is undisputed that SFI applied for and received a United States Copyright Certificate of Registration No. VA 1-894-565 for a collection of fabric designs entitled "Spring Summer 2014, Collection 1," with an effective date of November 27, 2013 (the "Registration"). (CD 56.1 ¶ 13; Declaration of Jacob Zakaria ("Zakaria Decl.") Ex. 1). According to SFI, the Collection contains an assortment of fabric designs,

including Design #7851, a two-dimensional geometric design employing multiple layers of "modular chevrons." (CD 56.1 ¶¶ 8, 13). Louise Paris disputes that Design #7851 is part of the "Spring Summer 2014, Collection 1" (the "Collection") covered by the Registration.

DISCUSSION.

    I. *Legal Standard:*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P. A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is the initial burden of a movant on a summary judgment motion to come forward with evidence on each material element of his claim or defense, demonstrating that he is entitled to relief as a matter of law. Vt. Teddy Bear Co., Inc. v. 1–800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

When the moving party has met this initial burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250. In raising a triable issue of fact, the non-movant carries only a "limited burden of production," but nevertheless "must demonstrate more than some metaphysical doubt as to the material facts, and come forward with specific facts showing that there is a genuine issue for trial." Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004) (internal quotation marks omitted).

An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The Court

must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995) (internal quotations and citations omitted).  In reviewing a motion for summary judgment, the Court "need consider only the cited materials, but it may consider other materials in the record." Rule 56(c).  In the absence of any disputed material fact, summary judgment is appropriate.

*II. Claims of Copyright Infringement:*

SFI contends that Louise Paris and Rainbow have infringed one of SFI's copyrighted fabric designs—Design #7851.  While clothes, as "useful articles," are not copyrightable, Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 455 (2d Cir. 1989), fabric designs "are considered 'writings' for purposes of copyright law and are accordingly protectible," Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1002 (2d Cir. 1995).

"To establish a copyright infringement cause of action, a plaintiff must show both ownership of a copyright and unauthorized copying . . . ." Hamil Am. Inc. v. GFI, 193 F.3d 92, 98 (2d Cir. 1999).  Section 411(a) of the Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).  "A certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright . . . ." Hamil, 193 F.3d at 98 (2d Cir. 1999).  Because SFI produced a certificate of registration for the work entitled "Spring Summer 2014, Collection 1," the

Registration constitutes prima facie evidence of its valid ownership of a copyright for the Collection. (Zakaria Decl. Ex. 1). However, the fact that SFI has valid ownership of a copyright in the Collection does not necessarily mean it has valid ownership of a copyright in Design #7851.

SFI asserts that Design #7851 is part of the Collection and is, therefore, covered by the Registration. The problem is that the Registration itself does not establish that Design #7851 is part of the protected Collection. For example, the Registration simply lists "Spring Summer 2014, Collection 1" as the title of the work. (Zakaria Decl. Ex. 1). Nothing about that title, however, establishes that Design #7851 is part of the Collection. The Registration also does not list any of the individual fabric designs allegedly contained in the Collection. (Zakaria Decl. Ex. 1). In contrast, the two other copyright registrations submitted by SFI as part of its motion for summary judgment— registrations covering other fabric designs not directly at issue in this case—do list the individual fabric designs contained in those respective collections. (Zakaria Decl. Ex. 2).

If SFI is to satisfy section 411(a)'s pre-suit condition that the allegedly infringed work be registered with the Copyright Office, it must show beyond reasonable dispute that Design #7851 is part of the registered Collection. 17 U.S.C. § 411(a). If SFI does not meet this burden, i.e. if there are triable issues of fact as to whether Design #7851 is part of the Collection, then SFI is not entitled to summary judgment on its infringement claims because it has not shown that Design #7851 is registered with the Copyright Office. See Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 125 (2d Cir. 2014) (holding that plaintiff could not maintain his infringement action because he "had not even filed the applications for registration of the relevant works prior to instituting the

5

action claiming infringement of the copyright in these works, as required by the plain terms of the statute"). Because the Registration is silent on whether Design #7851 is included in the protected Collection, the presumptive validity of the Registration has no bearing on this threshold issue. Instead, the Court must examine other evidence in the record to determine whether SFI has met its burden. After careful review of the record, the Court holds that there is a genuine factual dispute as to whether Design #7851 is part of the Collection protected by Registration No. VA 1-894-565.

The only evidence in the record purporting to establish that Design #7851 is part of the Collection covered by the Registration are the deposition testimony of SFI President Jacob Zakaria and a sworn statement from him submitted by SFI in reply on this motion. (Declaration of Laura W. Tejeda ("Tejeda Decl.") Ex. A. (the "Zakaria Deposition") 61-65; Reply Declaration of Jacob Zakaria ("Zakaria Reply Decl.") ¶ 2). Neither piece of evidence proves beyond reasonable dispute that Design #7851 is part of the registered Collection.

Mr. Zakaria's deposition testimony demonstrates that he did not have personal knowledge that Design #7851 was part of the registered Collection. Instead, his testimony on the point was premised upon supposition and surmise. For example, Louise Paris's counsel asked him "[w]hat is it about [the Registration] that leads you to believe that it covers design 7851?" (Zakaria Deposition, 62). His response was "[w]ell, you're providing it to me as a part of the documents in this case. And the registration number corresponds with what is on the other documents." (Zakaria Deposition, 62). Again, plaintiff's counsel asked him "[i]s there anything in the registration certificate that indicates that this covers design 7851?" (Zakaria Deposition, 62). Mr. Zakaria

responded that "[t]he title of the work is Spring Summer 2014 Collection 1. I'm assuming that this pattern 7851 is for that collection." (Zakaria Deposition, 62). Counsel for Louise Paris asked Mr. Zakaria a third time "how do you know 7851 is actually covered by registration 894-565 . . . ?" (Zakaria Deposition, 71). Again, he stated "[b]ecause that's what we provided to you . . . ." (Zakaria Deposition, 71). Finally, when asked if he referred to something in his files that allowed him "to make that conclusion," Mr. Zakaria responded "I imagine this was the registration attached to the artwork 7851. We keep close record of those." (Zakaria Deposition, 71).

    Mr. Zakaria's sworn statement in reply does not establish beyond reasonable dispute that Design #7851 is protected by the Registration. In his Declaration, Mr. Zakaria stated that "[a]fter I was deposed in this action, SFI again reviewed its records, at my instruction, and confirmed that SFI's '7851' design [] was listed, deposited, and registered with the Spring Summer 2014, Collection 1, registration no. VA 1-894-565." (Zakaria Reply Decl. ¶ 2). It does not appear that Mr. Zakaria reviewed SFI's purported records himself. Thus, his statement that Design #7851 is part of the registered Collection is again not based on personal knowledge. SFI does not explain why Mr. Zakaria's statement that "SFI," presumably meaning someone at SFI, confirmed that Design #7851 was deposited with the Copyright Office would not be inadmissible hearsay. See Rule 56(C)(2), Fed. R. Civ. P. ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.")

    There is no other evidence in the record corroborating the hearsay statement recounted by Mr. Zakaria. SFI has neither identified who at SFI reviewed the

7

records at Mr. Zakaria's instruction nor produced the internal records that that unidentified individual purportedly reviewed. And, it has not produced any other document or testimony demonstrating that Design #7851 was indeed "listed, deposited, and registered with the Spring Summer 2014, Collection 1."

Despite discovery requests from Louise Paris, SFI has failed to produce any communications or correspondence it had with the Copyright Office in connection with its efforts to secure a copyright registration for "Spring Summer 2014, Collection 1," including any of the deposit materials. (Tejeda Decl. ¶ 7). While SFI asserts that the copy of Design #7851 submitted in this litigation is an exact copy of the design deposited with the Copyright Office, it has never produced a catalogue containing the contents of the Collection. SFI's reliance on the speculation, surmise, and hearsay statements of Mr. Zakaria to prove that Design #7851 is part of the registered Collection is not adequate at summary judgment.

In addition, other evidence put forth by SFI contradicts its claim that Design #7851 is part of the registered Collection. For example, the Registration states that SFI first published the Collection on July 25, 2013. (Zakaria Decl. Ex. 1). Meanwhile, SFI's "internal registration form" for Design #7851 states that SFI issued the design on August 29, 2013. (Zakaria Decl. Ex. 8). The SFI "internal registration form," according to Mr. Zakaria, is the definitive internal document regarding each design; it must be completed before SFI registers any design, gives any design a style number, and offers any design for sale. (Zakaria Deposition, 88-89). If these dates are true and correct, then Design #7851 could not have been part of the Collection because it would have been issued over a month after SFI claims it first published the "Spring Summer

2014, Collection 1."

After receiving Louise Paris's opposition to its motion for summary judgment, SFI submitted a Form CA with the Copyright Office to correct what it called an "innocent mistake[]" in the date of first publication included in its original Registration. (Reply Declaration of Scott A. Burroughs ("Burroughs Reply Decl.") ¶ 2; Ex. 17). In this supplementary document, SFI states that the date of first publication of the Collection was August 30, 2013, which is after the date recorded on Design #7851's "internal registration form." (Burroughs Reply Decl. Ex. 17). If SFI's newly-revised date of first publication is the true and correct date, then Design #7851 very well could have been part of the registered Collection. Critically, however, SFI presents no evidence demonstrating that August 30, 2013, instead of July 25, 2013, is the accurate date of first publication.

In its reply memorandum, SFI argues that the discrepancy in dates does not raise a triable issue of fact because errors in the "date of 1st publication" normally do not rebut the presumptive validity of a copyright registration. SFI also asserts that the Copyright office generally allows parties to correct errors in publication dates with a supplementary registration form, see U.S. Copyright Office, Compendium of U.S. Copyright Office Practices 1802.6(I) (3d ed. 2014), and that "[c]ourts have consistently permitted a plaintiff to correct a defective recordation, and to go forward with the suit as of the date of the filing of the action," Hamil, 193 F.3d at 99 (quoting Northern Songs, Ltd. v. Distinguished Prods., Inc., 581 F. Supp. 638, 641 (S.D.N.Y. 1984)) (internal quotation marks omitted). It is not the validity of the Registration, however, that is presently at issue, but whether Design #7851 was part of the registered Collection.

9

At summary judgment, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor . . . ." Allen v. Coughlin, 64 F.3d at 79.  It may grant summary judgment only if "no reasonable trier of fact could find in favor of the nonmoving party." Id.  Whether Design #7851 is part of the Collection protected by Registration No. VA 1-894-565 is a threshold issue that SFI must prove in order to move forward with its infringement action.  See 17 U.S.C. § 411(a).  If Design #7851 is not part of the registered Collection alleged, then SFI has not identified any copyright registration covering the allegedly infringed design and has not "satisfied the preconditions to suit under § 411(a)." Psihoyos, 748 F.3d at 125.  Because there are triable issues of fact as to whether Design #7851 is part of the Collection registered under No. VA 1-894-565, SFI's motion for summary judgment is denied.

CONCLUSION.

Defendant and Counterclaim-plaintiff SFI's motion for summary judgment (Dkt. 34) is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, NY
August 8, 2016