UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISE PARIS, LTD. and RAINBOW USA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STANDARD FABRICS INTERNATIONAL, INC.,<br><br>Defendant.<br><br>─────────────────────────────<br><br>STANDARD FABRICS INTERNATIONAL, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>LOUISE PARIS, LTD.; RAINBOW USA, INC.; and DOES 1-10,<br><br>Counterdefendants | Case No.: 15-CV-3250-PKC<br><br>**STANDARD FABRICS INTERNATIONAL, INC.'S MOTION FOR RECONSIDERATION OF THE DECISION ON ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

    Standard Fabrics International, Inc. ("SFI") respectfully submits that the decision issued by the Court on August 8, 2016 (*see* U.S.D.C. *Dkt*. No. 58) be reconsidered as set forth below. SFI does not move for reconsideration lightly. But, it appears the Court did not credit a presumption in performing its analysis, and effectively reversed the burden of proof.

    Specifically, SFI produced a copyright registration for the artwork at issue, and that registration entitles SFI to a presumption that the registration is valid. 17 U.S.C. § 410(c) (1982)(copyright registration constitutes prima facie evidence of copyright validity.); *see also*

*Carol Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411, 414 (2d Cir.1985). It is settled law that this presumption extends to the deposit material. *Nicholls v. Tufenkian Imp./Exp. Ventures, Inc.*, 367 F. Supp. 2d 514, 520 (S.D.N.Y. 2005)("This principle extends as well to incomplete or erroneous deposit materials."), *citing Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486–87 (9th Cir.2000), *Data General Corp. v. Grumman Systems Support Corp.*, 36 F.3d 1147, 1161–62 (1st Cir.1994). Here, the Court's analysis did not afford the presumption of validity to SFI's registration; instead, it denied the motion because SFI had not proven beyond dispute that the artwork was deposited. This reverses the burden of proof.

Indeed, the presumption afforded by the registration shifts the burden to Louise Paris, Ltd. ("LPL") to establish that the deposit was not properly made. This burden was not discharged, as the evidence supports SFI's position that the deposit was proper. Notably, there is no evidence to support LPL's argument that the artwork was not deposited. This is insufficient to discharge the burden necessary to rebut the presumption.

The 9th Circuit addressed this exact issue and found that the presumption extends to the deposit and requires a party challenging a registration to establish that the deposit was not made:

> "The presumption-of-validity analysis likewise applies to the argument, pressed by Macy's, that the Design was not deposited with the United States Copyright Office. Macy's contends that "[United] bore the burden of proving that it complied with the Copyright Act in order to have standing to sue or seek damages or attorney fees." Again, Macy's skips a step. It needs first to rebut the presumption of copyright validity with "some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement," [citation omitted] before it can shift the burden. Because Macy's did not offer such proof, its insufficient-deposit argument must fail, at least at this juncture of the litigation.

*United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1258 (9th Cir. 2011), *citing, e.g., Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.1997) (challenge to deposit with Copyright Office did not defeat presumption of validity).[1] *Fonar* also rejects the argument that a registration should be invalidated because it "fail[s] to identify the works that are the subject of

---

[1] This appeal was argued successfully by SFI's co-counsel at Doniger / Burroughs.

MOTION FOR RECONSIDERATION

the copyright[.]"*Fonar Corp.*, 105 F.3d at 105. *See* Order, *Dkt.* No. 58, pg. 5 ("The Registration also does not list any of the individual fabric designs allegedly contained in the Collection.").

Here, while SFI's registration may not have identified the titles of the collection's constituent works, there is no evidence that SFI did <u>not</u> deposit the artwork at issue with the registration that is in the record. Given the foregoing, SFI respectfully requests that the Court reconsider its decision[2] and grant SFI's motion.

                                                  Respectfully submitted,

Date: August 11, 2016        By:      <u>/s/ Michael D. Steger</u>
                                                 Michael D. Steger (MS2009)
                                                 Law Offices of Michael D. Steger, P.C.
                                                 30 Ramland Road, Suite 201
                                                 Orangeburg, NY 10962
                                                 (646) 5`7-0600
                                                 (845) 689-2155 facsimile
                                                 msteger@steger-law.com
                                                 Attorneys for Standard Fabrics International, Inc.

---

[2] The Court found: "If SFI is to satisfy section 411(a)'s pre-suit condition that the allegedly infringed work be registered with the Copyright Office, it must show beyond reasonable dispute that Design #7851 is part of the registered Collection." *See* Order, *Dkt.* No. 58, pg. 5. But, per the authority, this is inaccurate. SFI satisfied its burden by proffering the registration and testimony that the artwork was deposited with the registration (*see* Motion, *Dkt.* No. 37, Zakaria Decl. ¶4), at which point the burden shifted to LPL to establish that the design was <u>not</u> part of the registration deposit. LPL easily could have requested a copy of the deposit from the Copyright Office to ascertain if that deposit conflicted with SFI's records. It did not do so, or did request a copy and found that it conformed with SFI's records. LPL did not satisfy its burden.